UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 05  11415 RGS |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Court No. |
| | ) | |
| JEAN M. NEVES and | ) | MAGISTRATE JUDGE Alexander |
| BRIAN C. NEVES | ) | |
| | ) | |
| *Defendants.* | ) | |

RECEIPT #
AMOUNT $250
SUMMONS ISSUED yes
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. *Tom*
DATE 7/6/05

**COMPLAINT**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Christopher R. Donato, Assistant United States Attorney, states as its complaint that:

1. Jurisdiction of this action is conferred on the Court by 28 U.S.C. § 1345.

2. The plaintiff is the United States of America, (hereinafter "United States"), on behalf of the United States Small Business Administration.

3. The defendants, Jean M. Neves and Brian C. Neves, currently reside in the District of Massachusetts at 66 Teaticket Path, East Falmouth, MA. The defendants were officers of Middleboro Fire Apparatus, Inc., a defunct corporation that resided in the District of Massachusetts.

4. The defendants are indebted to the United States in the principal amount of $109,614.51 plus $6,751.15 interest computed at the rate of 4.0 percent per annum for a total amount due of $116,365.56 as of June 23, 2005. Thereafter, interest on the principal amount will continue to accrue at the rate of 4.0 percent per annum



# AFFIDAVIT OF THE UNITED STATES OF AMERICA

1. The undersigned is the Branch Manager of the Springfield Branch Office, of the SMALL BUSINESS ADMINISTRATION (SBA), an agency of the United States of America. whose duties include Management;
2. My duties include the servicing and liquidation of SBA loans assigned to the Massachusetts District Office;
3. The statements made in this Affidavit are made on the basis of my personal knowledge, or my review of the loan file;
4. Subsequent to September 11, 2001, SBA authorized a Disaster loan program for businesses impacted by the tragedy of September11;
5. Middleboro Fire Apparatus, through its principals, Brian C. Neves and Jean M. Neves, applied for a loan under said disaster loan program;
6. On February 4, 2002, SBA authorized a loan to Middleboro Fire Apparatus Inc, as Loan number EIDL 519,457,40-02, under said Disaster Loan Program;
7. In February 2002, Middleboro Fire Apparatus, Inc, hereinafter called obligor(s), executed Promissory note to the U. S. Small Business Administration in the amount of One Hundred Ten Thousand Dollars, payable in twenty years, at the interest rate of 4%, including monthly payments of $713;
8. Said promissory note was guaranteed individually by Jean M. Neves and Brian C. Neves, hereinafter called obligor(s);
9. The loan is presently in default and the obligors are indebted to SBA in the amount of **$116,365.56 as of June 23, 2005,** consisting of principal in the amount of $109,614.51 plus interest accrued to June 23, 2005 in the amount of $ 6,751.15, with interest accruing daily thereafter at **$12.01**, plus interest, penalties as provided by said instruments and applicable law;
10. The consideration for this debt was money loaned to the obligors;
11. The loan was made a direct loan made under the SBA Disaster Program;
12. No judgment has been rendered on the claim;
13. The amount of all payments on this loan has been credited and deducted for the purpose of computing said indebtedness;
14. This claim is not subject to any setoff or counterclaim except: N/A
15. No security interest is held for this claim;
16. SBA became aware that on April 7, 2003, the individual obligors, Brian and Jean Neves, purchased property at 66 Teaticket Path, Teaticket, MA for a purchase price of $495,000, subject only to a first mortgage in the amount of $190,000;
17. SBA had a subsequent appraisal performed, which supported a greater value of said property;
18. In conversation with the obligor, Brian Neves, I was told that the property is on the market for sale and the SBA seeks a lis pendens or attachment of the property owned by said individual guarantors, since the SBA claim is presently an unsecured claim;

EXHIBIT B

U.S. Small Business Adminstration

# UNCONDITIONAL GUARANTEE

# (DISASTER LOANS)

| SBA Loan # | EIDL 51945740-02 |
|---|---|
| Control # | 9TMA-00075 |
| Guarantor | BJJ Realty Trust |
| Borrower | Middleboro Fire Apparatus, Inc. |
| Date | February 6, 2002 |
| Note Amount | $110,000.00 |

1. **GUARANTEE:**

   Guarantor unconditionally guarantees payment to SBA of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when SBA makes written demand upon Guarantor. SBA is not required to seek payment from any other source before demanding payment from Guarantor.

2. **NOTE:**

   The "Note" is the promissory note dated <u>February 6, 2002</u> in the principal amount of <u>One Hundred Ten Thousand and no/100</u> Dollars, from Borrower to SBA. It includes any assumption, renewal, substitution, or replacement of the Note.

3. **DEFINITIONS:**

   "Collateral" means property, if any, taken as security for payment of the Note or any guarantee of the Note.
   "Loan" means the loan evidenced by the Note.
   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
   "SBA" means the Small Business Administration, an Agency of the United States of America.

4. **SBA'S GENERAL POWERS:**

   SBA may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:
   A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
   B. Refrain from taking any action on the Note, the Collateral, or any guarantee;
   C. Release any Borrower or any guarantor of the Note;
   D. Compromise or settle with the Borrower or any guarantor of the Note;
   E. Substitute or release any of the Collateral, whether or not SBA receives anything in return;
   F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
   G. Bid or buy at any sale of Collateral by SBA or any other lienholder, at any price SBA chooses; and

H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against SBA.

5. **FEDERAL LAW:**

   When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6. **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

   To the extent permitted by law,

   A. Guarantor waives all rights to:
      1) Require presentment, protest, or demand upon Borrower;
      2) Redeem any Collateral before or after SBA disposes of it;
      3) Have any disposition of Collateral advertised; and
      4) Require a valuation of Collateral before or after SBA disposes of it.

   B. Guarantor waives any notice of:
      1) Any default under the Note;
      2) Presentment, dishonor, protest, or demand;
      3) Execution of the Note;
      4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
      5) Any change in the financial condition or business operations of Borrower or any guarantor;
      6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
      7) The time or place of any sale or other disposition of Collateral.

   C. Guarantor waives defenses based upon any claim that:
      1) SBA failed to obtain any guarantee;
      2) SBA failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
      3) SBA or others improperly valued or inspected the Collateral;
      4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
      5) SBA impaired the Collateral;
      6) SBA did not dispose of any of the Collateral;
      7) SBA did not conduct a commercially reasonable sale;
      8) SBA did not obtain the fair market value of the Collateral;
      9) SBA did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
      10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;
      11) SBA made errors or omissions in Loan Documents or administration of the Loan;
      12) SBA did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
      13) SBA impaired Guarantor's suretyship rights;
      14) SBA modified the Note terms, other than to increase amounts due under the Note. If SBA modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
      15) Borrower has avoided liability on the Note; or
      16) SBA has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

SBA FORM 2128 (5-00)

9TMA-00075 / EIDL 51945740-02
Middleboro Fire Apparatus, Inc.

7. **DUTIES AS TO COLLATERAL:**

   Guarantor will preserve the Collateral, if any, pledged by Guarantor to secure this Guarantee. SBA has no duty to preserve or dispose of any Collateral.

8. **SUCCESSORS AND ASSIGNS:**

   Under this Guarantee, Guarantor includes successors, and SBA includes successors and assigns.

9. **GENERAL PROVISIONS:**

   A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses SBA incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.

   B. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.

   C. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.

   D. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral.

   E. FINANCIAL STATEMENTS. Guarantor must give SBA financial statements as SBA requires.

   F. SBA'S RIGHTS CUMULATIVE, NOT WAIVED. SBA may exercise any of its rights separately or together, as many times as it chooses. SBA may delay or forgo enforcing any of its rights without losing or impairing any of them.

   G. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.

   H. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.

   I. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by SBA as to the Loan.

10. **GUARANTOR ACKNOWLEDGMENT OF TERMS.**

    Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

## 11. GUARANTOR NAME(S) AND SIGNATURE(S):

By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

Dated this _15_ day of _February_, 20_02_

State of Massachusetts     )
                           ) ss:
County of _Plymouth_       )

BJJ Realty Trust

By _Robert P. Kailher, Trustee_ (signature)
Robert P. Kailher, Trustee

On this _15th_ day of _February_, 20_02_, before me personally appeared Robert P. Kailher to me personally known, who, being by me duly sworn, did say that he/she is the Trustee of BJJ Realty Trust, and that the seal affixed to said instrument is the corporate seal of said corporation, and that said instrument was signed and sealed in behalf of said corporation by authority of its board of directors, and said _____ acknowledged said instrument to be the free act and deed of said corporation.

_Patricia M. Chiocca_
Notary Public
Comm Expires 8/15/08

RECEIVED
2002 FEB 20 PM 2:59
US SBA DAO 1
LEGAL DEPT.

EXHIBIT
C

U.S. Small Business Adminstration

# UNCONDITIONAL GUARANTEE

## (DISASTER LOANS)

| SBA Loan # | EIDL 51945740-02 |
|---|---|
| Control # | 9TMA-00075 |
| Guarantor | Jean M. Neves |
| Borrower | Middleboro Fire Apparatus, Inc. |
| Date | February 6, 2002 |
| Note Amount | $110,000.00 |

1. **GUARANTEE:**
   Guarantor unconditionally guarantees payment to SBA of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when SBA makes written demand upon Guarantor. SBA is not required to seek payment from any other source before demanding payment from Guarantor.

2. **NOTE:**
   The "Note" is the promissory note dated <u>February 6, 2002</u> in the principal amount of <u>One Hundred Ten Thousand and no/100</u> Dollars, from Borrower to SBA. It includes any assumption, renewal, substitution, or replacement of the Note.

3. **DEFINITIONS:**
   "Collateral" means property, if any, taken as security for payment of the Note or any guarantee of the Note.
   "Loan" means the loan evidenced by the Note.
   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
   "SBA" means the Small Business Administration, an Agency of the United States of America.

4. **SBA'S GENERAL POWERS:**
   SBA may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:
   A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
   B. Refrain from taking any action on the Note, the Collateral, or any guarantee;
   C. Release any Borrower or any guarantor of the Note;
   D. Compromise or settle with the Borrower or any guarantor of the Note;
   E. Substitute or release any of the Collateral, whether or not SBA receives anything in return;
   F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
   G. Bid or buy at any sale of Collateral by SBA or any other lienholder, at any price SBA chooses; and

SBA FORM 2128 (5-00)

    H.  Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against SBA.

5. **FEDERAL LAW:**

   When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6. **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

   To the extent permitted by law,

   A. Guarantor waives all rights to:
   1) Require presentment, protest, or demand upon Borrower;
   2) Redeem any Collateral before or after SBA disposes of it;
   3) Have any disposition of Collateral advertised; and
   4) Require a valuation of Collateral before or after SBA disposes of it.

   B. Guarantor waives any notice of:
   1) Any default under the Note;
   2) Presentment, dishonor, protest, or demand;
   3) Execution of the Note;
   4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
   5) Any change in the financial condition or business operations of Borrower or any guarantor;
   6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
   7) The time or place of any sale or other disposition of Collateral.

   C. Guarantor waives defenses based upon any claim that:
   1) SBA failed to obtain any guarantee;
   2) SBA failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
   3) SBA or others improperly valued or inspected the Collateral;
   4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
   5) SBA impaired the Collateral;
   6) SBA did not dispose of any of the Collateral;
   7) SBA did not conduct a commercially reasonable sale;
   8) SBA did not obtain the fair market value of the Collateral;
   9) SBA did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
   10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;
   11) SBA made errors or omissions in Loan Documents or administration of the Loan;
   12) SBA did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
   13) SBA impaired Guarantor's suretyship rights;
   14) SBA modified the Note terms, other than to increase amounts due under the Note. If SBA modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
   15) Borrower has avoided liability on the Note; or
   16) SBA has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

9TMA-00075 / EIDL 51945740-02
Middleboro Fire Apparatus, Inc.

7. **DUTIES AS TO COLLATERAL:**
   Guarantor will preserve the Collateral, if any, pledged by Guarantor to secure this Guarantee. SBA has no duty to preserve or dispose of any Collateral.

8. **SUCCESSORS AND ASSIGNS:**
   Under this Guarantee, Guarantor includes successors, and SBA includes successors and assigns.

9. **GENERAL PROVISIONS:**
   A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses SBA incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.
   B. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.
   C. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.
   D. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral.
   E. FINANCIAL STATEMENTS. Guarantor must give SBA financial statements as SBA requires.
   F. SBA'S RIGHTS CUMULATIVE, NOT WAIVED. SBA may exercise any of its rights separately or together, as many times as it chooses. SBA may delay or forgo enforcing any of its rights without losing or impairing any of them.
   G. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.
   H. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.
   I. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by SBA as to the Loan.

10. **GUARANTOR ACKNOWLEDGMENT OF TERMS.**
    Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

11. **GUARANTOR NAME(S) AND SIGNATURE(S):**
    By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

Dated this _15_ day of _February_, 20_02_   X _Jean M. Neves_ (signature)
                                                  Jean M. Neves

State of Massachusetts      )
                            ) ss:
County of _Plymouth_        )

On this _15th_ day of _February_ 20_02_, before me personally appeared Jean M. Neves to me known to be the person(s) described in and who executed the foregoing instrument, and acknowledged that he/she/they executed the same as his/her/their free act and deed.

_Patricia M. Chiocca_ (signature)
Notary Public
Comm Expires 8/15/08

US SBA DAO 1
LEGAL DEPT.

2002 FEB 20 PM 3:00

RECEIVED

SBA FORM 2128 (5-00)                                                        Page 3

EXHIBIT D

U.S. Small Business Adminstration

# UNCONDITIONAL GUARANTEE

# (DISASTER LOANS)

| SBA Loan # | EIDL 51945740-02 |
|---|---|
| Control # | 9TMA-00075 |
| Guarantor | Brian C. Neves |
| Borrower | Middleboro Fire Apparatus, Inc. |
| Date | February 6, 2002 |
| Note Amount | $110,000.00 |

1. **GUARANTEE:**

   Guarantor unconditionally guarantees payment to SBA of all amounts owing under the Note. This Guarantee remains in effect until the Note is paid in full. Guarantor must pay all amounts due under the Note when SBA makes written demand upon Guarantor. SBA is not required to seek payment from any other source before demanding payment from Guarantor.

2. **NOTE:**

   The "Note" is the promissory note dated <u>February 6, 2002</u> in the principal amount of <u>One Hundred Ten Thousand and no/100</u> Dollars, from Borrower to SBA. It includes any assumption, renewal, substitution, or replacement of the Note.

3. **DEFINITIONS:**

   "Collateral" means property, if any, taken as security for payment of the Note or any guarantee of the Note.
   "Loan" means the loan evidenced by the Note.
   "Loan Documents" means the documents related to the Loan signed by Borrower, Guarantor or any other guarantor, or anyone who pledges Collateral.
   "SBA" means the Small Business Administration, an Agency of the United States of America.

4. **SBA'S GENERAL POWERS:**

   SBA may take any of the following actions at any time, without notice, without Guarantor's consent, and without making demand upon Guarantor:
   A. Modify the terms of the Note or any other Loan Document except to increase the amounts due under the Note;
   B. Refrain from taking any action on the Note, the Collateral, or any guarantee;
   C. Release any Borrower or any guarantor of the Note;
   D. Compromise or settle with the Borrower or any guarantor of the Note;
   E. Substitute or release any of the Collateral, whether or not SBA receives anything in return;
   F. Foreclose upon or otherwise obtain, and dispose of, any Collateral at public or private sale, with or without advertisement;
   G. Bid or buy at any sale of Collateral by SBA or any other lienholder, at any price SBA chooses; and

H. Exercise any rights it has, including those in the Note and other Loan Documents.

These actions will not release or reduce the obligations of Guarantor or create any rights or claims against SBA.

5. **FEDERAL LAW:**

   When SBA is the holder, the Note and this Guarantee will be construed and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Guarantee, Guarantor may not claim or assert any local or state law against SBA to deny any obligation, defeat any claim of SBA, or preempt federal law.

6. **RIGHTS, NOTICES, AND DEFENSES THAT GUARANTOR WAIVES:**

   To the extent permitted by law,

   A. Guarantor waives all rights to:
   1) Require presentment, protest, or demand upon Borrower;
   2) Redeem any Collateral before or after SBA disposes of it;
   3) Have any disposition of Collateral advertised; and
   4) Require a valuation of Collateral before or after SBA disposes of it.

   B. Guarantor waives any notice of:
   1) Any default under the Note;
   2) Presentment, dishonor, protest, or demand;
   3) Execution of the Note;
   4) Any action or inaction on the Note or Collateral, such as disbursements, payment, nonpayment, acceleration, intent to accelerate, assignment, collection activity, and incurring enforcement expenses;
   5) Any change in the financial condition or business operations of Borrower or any guarantor;
   6) Any changes in the terms of the Note or other Loan Documents, except increases in the amounts due under the Note; and
   7) The time or place of any sale or other disposition of Collateral.

   C. Guarantor waives defenses based upon any claim that:
   1) SBA failed to obtain any guarantee;
   2) SBA failed to obtain, perfect, or maintain a security interest in any property offered or taken as Collateral;
   3) SBA or others improperly valued or inspected the Collateral;
   4) The Collateral changed in value, or was neglected, lost, destroyed, or underinsured;
   5) SBA impaired the Collateral;
   6) SBA did not dispose of any of the Collateral;
   7) SBA did not conduct a commercially reasonable sale;
   8) SBA did not obtain the fair market value of the Collateral;
   9) SBA did not make or perfect a claim upon the death or disability of Borrower or any guarantor of the Note;
   10) The financial condition of Borrower or any guarantor was overstated or has adversely changed;
   11) SBA made errors or omissions in Loan Documents or administration of the Loan;
   12) SBA did not seek payment from the Borrower, any other guarantors, or any Collateral before demanding payment from Guarantor;
   13) SBA impaired Guarantor's suretyship rights;
   14) SBA modified the Note terms, other than to increase amounts due under the Note. If SBA modifies the Note to increase the amounts due under the Note without Guarantor's consent, Guarantor will not be liable for the increased amounts and related interest and expenses, but remains liable for all other amounts;
   15) Borrower has avoided liability on the Note; or
   16) SBA has taken an action allowed under the Note, this Guarantee, or other Loan Documents.

9TMA-00075 / EIDL 51945740-02
Middleboro Fire Apparatus, Inc.

7. **DUTIES AS TO COLLATERAL:**
   Guarantor will preserve the Collateral, if any, pledged by Guarantor to secure this Guarantee. SBA has no duty to preserve or dispose of any Collateral.

8. **SUCCESSORS AND ASSIGNS:**
   Under this Guarantee, Guarantor includes successors, and SBA includes successors and assigns.

9. **GENERAL PROVISIONS:**
   A. ENFORCEMENT EXPENSES. Guarantor promises to pay all expenses SBA incurs to enforce this Guarantee, including, but not limited to, attorney's fees and costs.
   B. SUBROGATION RIGHTS. Guarantor has no subrogation rights as to the Note or the Collateral until the Note is paid in full.
   C. JOINT AND SEVERAL LIABILITY. All individuals and entities signing as Guarantor are jointly and severally liable.
   D. DOCUMENT SIGNING. Guarantor must sign all documents necessary at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral.
   E. FINANCIAL STATEMENTS. Guarantor must give SBA financial statements as SBA requires.
   F. SBA'S RIGHTS CUMULATIVE, NOT WAIVED. SBA may exercise any of its rights separately or together, as many times as it chooses. SBA may delay or forgo enforcing any of its rights without losing or impairing any of them.
   G. ORAL STATEMENTS NOT BINDING. Guarantor may not use an oral statement to contradict or alter the written terms of the Note or this Guarantee, or to raise a defense to this Guarantee.
   H. SEVERABILITY. If any part of this Guarantee is found to be unenforceable, all other parts will remain in effect.
   I. CONSIDERATION. The consideration for this Guarantee is the Loan or any accommodation by SBA as to the Loan.

10. **GUARANTOR ACKNOWLEDGMENT OF TERMS.**
    Guarantor acknowledges that Guarantor has read and understands the significance of all terms of the Note and this Guarantee, including all waivers.

11. **GUARANTOR NAME(S) AND SIGNATURE(S):**
    By signing below, each individual or entity becomes obligated as Guarantor under this Guarantee.

X Dated this _15_ day of _February_, 20_02_     _/s/ Brian C. Neves_
                                                Brian C. Neves

State of Massachusetts      )
County of _Plymouth_        ) ss:
                            )

On this _15th_ day of _February_, 20_02_,
before me personally appeared Brian C. Neves to me known to
be the person(s) described in and who executed the foregoing
instrument, and acknowledged that he/she/they executed the
same as his/her/their free act and deed.

_Patricia M. Chaves_
Notary Public
Comm Expires 8/15/08

2002 FEB 20 PM 2:59
LEGAL DEPT
US SBA DAO 1
RECEIVED

SBA FORM 2128 (5-00)                                                                Page 3



**EXHIBIT E**

| | U.S. Small Business Adminstration | Date: **February 6, 2002** |
|---|---|---|
| (SBA Seal 1953) | **NOTE** | Loan Amount: **$110,000.00** |
| | (SECURED DISASTER LOANS) | Annual Interest Rate: **4.000%** |

Control # 9TMA-00075                                   Loan # EIDL 51945740-02

1. **PROMISE TO PAY:** In return for a loan, Borrower promises to pay to the order of SBA the amount of <u>**One Hundred Ten Thousand and no/100**</u> Dollars, interest on the unpaid principal balance, and all other amounts required by this Note.

2. **DEFINITIONS:** A) "Collateral" means any property taken as security for payment of this Note or any guarantee of this Note. B) "Guarantor" means each person or entity that signs a guarantee of payment of this Note. C) "Loan Documents" means the documents related to this loan signed by Borrower, any Guarantor, or anyone who pledges collateral.

3. **PAYMENT TERMS:** Borrower must make all payments at the place SBA designates. Borrower may prepay this Note in part or in full at any time, without notice or penalty. Borrower must pay principal and interest payments of **$713.00** every **month** beginning **Twelve (12)** months from the date of the Note. SBA will apply each installment payment first to pay interest accrued to the day SBA receives the payment and will then apply any remaining balance to reduce principal. All remaining principal and accrued interest is due and payable **Twenty (20) Years** from the date of the Note.

4. **DEFAULT:** Borrower is in default under this Note if Borrower does not make a payment when due under this Note, or if Borrower: A) Fails to comply with any provision of this Note, the Loan Authorization and Agreement, or other Loan Documents; B) Defaults on any other SBA loan; C) Sells or otherwise transfers, or does not preserve or account to SBA's satisfaction for, any of the Collateral or its proceeds; D) Does not disclose, or anyone acting on their behalf does not disclose, any material fact to SBA; E) Makes, or anyone acting on their behalf makes, a materially false or misleading representation to SBA; F) Defaults on any loan or agreement with another creditor, if SBA believes the default may materially affect Borrower's ability to pay this Note; G) Fails to pay any taxes when due; H) Becomes the subject of a proceeding under any bankruptcy or insolvency law; I) Has a receiver or liquidator appointed for any part of their business or property; J) Makes an assignment for the benefit of creditors; K) Has any adverse change in financial condition or business operation that SBA believes may materially affect Borrower's ability to pay this Note; L) Dies; M) Reorganizes, merges, consolidates, or otherwise changes ownership or business structure without SBA's prior written consent; or, N) Becomes the subject of a civil or criminal action that SBA believes may materially affect Borrower's ability to pay this Note.

5. **SBA'S RIGHTS IF THERE IS A DEFAULT:** Without notice or demand and without giving up any of its rights, SBA may: A) Require immediate payment of all amounts owing under this Note; B) Have recourse to collect all amounts owing from any Borrower or Guarantor; C) File suit and obtain judgment; D) Take possession of any Collateral; or, E) Sell, lease, or otherwise dispose of Collateral at public or private sale, with or without advertisement.

6. **SBA'S GENERAL POWERS:** Without notice and without Borrower's consent, SBA may: A) Bid on or buy the Collateral at its sale or the sale of another lienholder, at any price it chooses; B) Collect amounts due under this Note, enforce the terms of this Note or any other Loan Document, and preserve or dispose of the Collateral. Among other things, the expenses may include payments for property taxes, prior liens, insurance, appraisals, environmental remediation costs, and reasonable attorney's fees and costs. If SBA incurs such expenses, it may demand immediate reimbursement from Borrower or add the expenses to the principal balance; C) Release anyone obligated to pay this Note; D) Compromise, release, renew, extend or substitute any of the Collateral; and E) Take any action necessary to protect the Collateral or collect amounts owing on this Note.

7. **WHEN FEDERAL LAW APPLIES:** When SBA is the holder, this Note will be interpreted and enforced under federal law, including SBA regulations. SBA may use state or local procedures for filing papers, recording documents, giving notice, foreclosing liens, and other purposes. By using such procedures, SBA does not waive any federal immunity from state or local control, penalty, tax, or liability. As to this Note, Borrower may not claim or assert against SBA any local or state law to deny any obligation, defeat any claim of SBA, or preempt federal law.

8. **GENERAL PROVISIONS:** A) All individuals and entities signing this Note are jointly and severally liable. B) Borrower waives all suretyship defenses. C) Borrower must sign all documents required at any time to comply with the Loan Documents and to enable SBA to acquire, perfect, or maintain SBA's liens on Collateral. D) SBA may exercise any of its rights separately or together, as many times and in any order it chooses. SBA may delay or forgo enforcing any of its rights without giving up any of them. E) Borrower may not use an oral statement of SBA to contradict or alter the written terms of this Note. F) If any part of this Note is unenforceable, all other parts remain in effect. G) To the extent allowed by law, Borrower waives all demands and notices in connection with this Note, including presentment, demand, protest, and notice of dishonor. Borrower also waives any defenses based upon any claim that SBA did not obtain any guarantee; did not obtain, perfect, or maintain a lien upon Collateral; impaired Collateral; or did not obtain the fair market value of Collateral at a sale. H) SBA may sell or otherwise transfer this Note.

9. **MISUSE OF LOAN FUNDS:** Anyone who wrongfully misapplies any proceeds of the loan will be civilly liable to SBA for one and one-half times the proceeds disbursed, in addition to other remedies allowed by law.

10. **BORROWER'S NAME(S) AND SIGNATURE(S):** By signing below, each individual or entity acknowledges and accepts personal obligation and full liability under the Note as Borrower.

Corporate Seal

X Dated this  15  day of  February , 20 02

Corporate Execution

Middleboro Fire Apparatus, Inc.

By: _____
Brian C. Neves, President

By: _____
Patricia Chiocca, Clerk

RECEIVED
2002 FEB 20 PM 2:02
US SBA DAO 1
LEGAL DEPT.