UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Court No.   05-cv-11415-RSG |
| | ) | |
| JEAN M. NEVES and | ) | |
| BRIAN C. NEVES | ) | |
| | ) | |
| *Defendant*s. | ) | |

**APPLICATION FOR PRE-JUDGMENT WRIT OF ATTACHMENT**

The plaintiff, the United States of America ("the Government"), makes application pursuant to the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. § 3101 and § 3102 for issuance of the pre-judgment Writ of Attachment as follows:

1. The defendants, Jean M. Neves and Brian C. Neves, are indebted to the Government in the approximate amount of $116,365.56 as a result of defaulted Unconditional Guarantee Disaster Loans approved by the Government to the defendants.

2. The Government has reasonable cause to believe that the defendants have or is about to convert property into money, securities, or evidence of debt in a manner prejudicial to the Government with the effect of hindering, delaying, or defrauding the Government. The Government has information that the defendants' home is under agreement for sale.

3. The Complaint filed is an action on a contract, express or implied, against the defendants for payment of money, and the Government has reasonable cause to believe that the contact is not fully secured by real or personal property.  There is

property in which the defendants have possession, custody, or control and in which the defendants have a substantial nonexempt interest which may be attached as security for such payment (and interest and costs) as the Government may recover on a claim for a debt.

4. The defendants against whom the pre-judgment remedy is sought shall be afforded an opportunity for a hearing.

5. All statutory requirements for issuance of the pre-judgment remedy set forth in 28 U.S.C. § 3101 and § 3102 have been satisfied.

6. No bond is required of the Government.

7. The Government reasonably believes, after exercising due diligence, that the defendants have possession, custody or control of property affected by and subject to the requested pre-judgment remedy. Three copies of the required notice shall be served on the defendants as follows:

>   Jean M. Neves
>   66 Teaticket Path
>   East Falmouth, MA
>
>   Brian C. Neves
>   66 Teaticket Path
>   East Falmouth, MA

8. The Government requests that the writ be issued as soon as possible.

                                  UNITED STATES OF AMERICA
By its attorneys

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Christopher R. Donato
CHRISTOPHER R. DONATO
Assistant U.S. Attorney
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3303

DATE: August 11, 2005

**AFFIDAVIT OF THE UNITED STATES OF AMERICA**

1. The undersigned is the Branch Manager of the Springfield Branch Office, of the SMALL BUSINESS ADMINISTRATION (SBA), an agency of the United States of America. whose duties include Management;
2. My duties include the servicing and liquidation of SBA loans assigned to the Massachusetts District Office;
3. The statements made in this Affidavit are made on the basis of my personal knowledge, or my review of the loan file;
4. Subsequent to September 11, 2001, SBA authorized a Disaster loan program for businesses impacted by the tragedy of September11;
5. Middleboro Fire Apparatus, through its principals , Brian C. Neves and Jean M. Neves , applied for a loan under said disaster loan program;
6. On February 4, 2002, SBA authorized a loan to Middleboro Fire Apparatus Inc, as Loan number EIDL 519,457,40-02, under said Disaster Loan Program;
7. In February 2002, Middleboro Fire Apparatus, Inc, hereinafter called obligor(s), executed Promissory note to the U. S. Small Business Administration in the amount of One Hundred Ten Thousand Dollars, payable in twenty years, at the interest rate of 4%, including monthly payments of $713;
8. Said promissory note was guaranteed individually by Jean M. Neves and Brian C. Neves, hereinafter called obligor(s);
9. The loan is presently in default and the obligors are indebted to SBA in the amount of **$116,365.56 as of June 23, 2005,** consisting of principal in the amount of $109,614.51 plus interest accrued to June 23, 2005 in the amount of $ 6,751.15, with interest accruing daily thereafter at **$12.01**, plus interest, penalties as provided by said instruments and applicable law;
10. The consideration for this debt was money loaned to the obligors;
11. The loan was made a direct loan made under the SBA Disaster Program;
12. No judgment has been rendered on the claim;
13. The amount of all payments on this loan has been credited and deducted for the purpose of computing said indebtedness;
14. This claim is not subject to any setoff or counterclaim except: N/A
15. No security interest is held for this claim;
16. SBA became aware that on April 7, 2003, the individual obligors, Brian and Jean Neves, purchased property at 66 Teaticket Path, Teaticket, MA for a purchase price of $495,000, subject only to a first mortgage in the amount of $190,000;
17. SBA had a subsequent appraisal performed, which supported a greater value of said property;
18. In conversation with the obligor, Brian Neves, I was told that the property is on the market for sale and the SBA seeks a lis pendens or attachment of the property owned by said individual guarantors, since the SBA claim is presently an unsecured claim;

19. This claim is not to be construed either as a waiver of SBA's claim or as a waiver of any other claim or right which the united States may have against obligors, their estate or any other person.

Dated: June 30, 2005

SMALL BUSINESS ADMINISTRATION

By: _____
Robert H. Nelson
Branch Manager

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS                                                                                              June 30, 2005

Then personally appeared before me, Robert H Nelson, Branch Manager of the U.S. Small Business Administration, a person known to me, who acknowledged the same to be true and the free act and deed of the U.S. Small Business Administration and his free act and deed.

SBA Loan NO.EIDL 519, 457, 40-02
Middleboro Fire Apparatus
Brian and Jean Neves

Mary Laura Russell
Notary Public
My Commission expires 5/26/11

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Court No.   05-cv-11415-RSG |
| | ) | |
| JEAN M. NEVES and | ) | |
| BRIAN C. NEVES | ) | |
| | ) | |
| *Defendant*s. | ) | |

## CLERK'S NOTICE OF PREJUDGMENT ATTACHMENT

You are hereby notified that 66 Teaticket Path, East Falmouth, Massachusetts is being attached by the United States Government ("the Government"), which says that Jean M. Neves and Brian C. Neves owes it a debt of $116,365.56 for defaulted loans and has filed a lawsuit to collect this debt.  The Government says it must attach this property as this time because the Government has reasonable cause to believe that the defendants have or is about to convert property into money, securities, or evidence of debt in a manner prejudicial to the Government with the effect of hindering, delaying, or defrauding the Government.  The Government wants to make sure  Jean M. Neves and Brian C. Neves will pay if the court determines that money is owed.

In addition, you are hereby notified that there are exemptions under the law which may protect some of the property from being attached by the Government if Jean M. Neves and/or Brian C. Neves can show that the exemptions apply.  Accompanied hereto is a summary of the major exemptions which apply in most situations in the State of Massachusetts.

If you are Jean M. Neves and/or Brian C. Neves and you disagree with the reason the Government gives for attaching your property now, or if you think you do not owe the money to the Government that it says you do, or if you think the property the Government is attaching qualifies under one of the exemptions, you have a right to ask the court to return your property to you.

If you want a hearing, you must promptly notify the Court.  You must make your request in writing, and either mail it or deliver it in person to the Clerk of the Court at the United States District Court, One Courthouse Way, Suite 2300, Boston, MA 02210.  If you wish, you may use this notice to request the hearing by checking the box below and mailing this notice to the Court Clerk.  You must also send a copy of your request to the Government at U.S. Attorney's Office, Financial Litigation Unit, One Courthouse Way, Suite 9200, Boston, MA 02210, so the Government will know you want a hearing.  The hearing will take place within 5 days after the clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

At the hearing you may explain to the judge why you think you do not owe the money to the Government, why you disagree with the reason the Government says it must attach your property at this time, or why you believe the property the Government has taken is exempt or belongs to someone else.  You may make any and all of these explanations as you see fit.

If you think you live outside the Federal judicial district in which the Court is located, you may request, not later than 20 days after you receive this notice, that this proceeding to attach your property by transferred by the Court to the Federal judicial district in which you reside.  You must make your request in writing, and either mail it or deliver it in person to the Clerk of the Court at the United States District Court, One Courthouse Way, Suite 2300, Boston,

MA 02210.  You must also send a copy of your request to the Government at U.S. Attorney's Office, Financial Litigation Unit, One Courthouse Way, Suite 9200, Boston, MA 02210, so the United States will know you want the proceeding to be transferred.

Be sure to keep a copy of this notice for your own records.  If you have any questions about your rights or about this procedure, you should contact a lawyer, an office of public legal assistance or the Clerk of Court.  The Clerk is not permitted to give legal advice, but can refer you to other sources of information.

                                                     CLERK, UNITED STATES DISTRICT COURT

---

### REQUEST FOR HEARING

[__]    I hereby request a hearing in the above matter because:

    [__]    I disagree with the reason the reason that the United States give for attaching my property.

    [__]    I do not owe the money to the United States as it says I do.

    [__]    The property that the United States is taking is exempt. See attached completed Claim for Exemption Form.

                                              Defendant's typed or printed name

                                              Signature of defendant

                                              Address: _____

                                              Telephone No.: _____

Date:_____

# CLAIM FOR EXEMPTION FORM

## MAJOR EXEMPTIONS UNDER FEDERAL LAW

I claim that the exemption(s) which are checked below apply in this case:

___    1.    Social Security benefits and Supplemental Security income (42 U.S.C. § 407).

___    2.    Veterans' benefits (38 U.S.C. § 3101).

___    2a.   Members of armed services (10 U.S.C. § 1440, 38 U.S.C. § 562).

___    3.    Federal civil service retirement benefits
              (5 U.S.C. § 8346 and 22 U.S.C. § 4060(c)).

___    4.    Annuities to survivors of federal judges (28 U.S.C. § 376(n)).

___    5.    Longshoremen and Harborworkers Compensation Act (33 U.S.C. § 916).

___    6.    Black lung benefits (30 U.S.C. §§ 931(b)(2)(F) and 932(a)).

___    6a.   Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C. §§ 1108-1109(a-c)).

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

___    6b.   Railroad retirement, pension, unemployment benefits (45 U.S.C. §§ 231(m), 352(e)).

___    7.    Compensation for war risk hazards (42 U.S.C. § 1717).

___    8.    Bankruptcy Code (Title 11, United States Code) which generally provides exemptions for:

            (a)___   $17,425 of equity in your residence.

            (b)___   $2,775 of equity in a motor vehicle.

            (c)___   Jewelry worth up to $1,150.

            (d)___   Personal property worth up to $9,300. (However, no single item worth more than $450 can be claimed as exempt.)

            (e)___   Property totaling up to $925 in value, plus up to $8,725 of any unused amount of the exemption provided in number 11(a) above.

            (f)___   $1,750 of equity in professional books, implements or tools, of your trade or your dependant's trade.

            (g)___   Any unmatured life insurance contract you own, other than credit life insurance.

(h)    The aggregate value, up to $9,300, of any accrued dividend or interest under, or loan value of, any unmatured life insurance contract you own, but only if you are the insured or you are a dependant of the insured.

(i)    Professionally prescribed health aids for you or your dependants.

(j)    Unemployment compensation benefits, local public assistance benefits, disability benefits, illness benefits; and alimony, support, and separate maintenance, to the extent these items are reasonably necessary for your support or the support of your dependants.

(k)    A payment under a stock bonus, pension, profit-sharing, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for your support or the support of your dependants, subject to the limitations set forth at Title 11 United States Code Section 522(d)(10)(E)(i)-(iii).

(l)    Your right to receive, or property that is traceable to,
- an award under a crime victim's reparation law;
- a payment on account of the wrongful death of an individual of whom you were a dependant, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment under a life insurance contract that insured an individual of whom you were a dependant on the date of the insured's death, but only to the extent reasonably necessary for your support or the support of your dependants;
- a payment, not to exceed $17,425, on account of personal bodily injury suffered by you or by an individual of whom you are a dependant; however, payment for pain and suffering or payment to compensate actual pecuniary loss are not exempt under this paragraph;
- a payment in compensation of loss of your future earnings or the future earnings of an individual of whom you are, or were, a dependant, but only to the extent reasonably necessary for your support or the support of your dependants

**NOTE:**    If you select the Bankruptcy Code exemptions (line 8 above), you may <u>not</u> also claim the state law exemptions listed below.

## MAJOR EXEMPTIONS UNDER STATE LAW

**NOTE:** If you select the exemptions available under state law, the law of the state where you have been domiciled for the greater part of the last 180 days governs your rights.

| CLAIMED | TYPE AND STATUTE SECTION | VALUE CLAIMED |
|---|---|---|
| __9. | Homestead or Residential Property (Mass. Gen. L. c. 188, §§ 1, 1a) -$100,000 in principal family residence subject to limitations. In lieu of homestead, the debtor exempt rent not exceeding $200 per month. A debtor who is 65 or older, disabled, may exempt $200,000. | _____ |
| __10. | Personal Property (Mass. Gen. L. c. 235, § 34; Mass. Gen. L. c. 246, § 28) -Necessary wearing apparel and beds for his family, 1 heating unit, and up to $75 per month for utilities, $3,000 in additional necessary household furniture, $200 in books, 2 cows, 12 sheep, 2 swine, 4 tons of hay, $300 in provisions, 1 pew, military uniforms, 1 sewing machine not exceeding $200 in value, $100 shares in a cooperative, $125 in cash, bank deposits or wages due each pay period, plus an additional $500 in a bank deposit. | _____ |
| __11. | Motor Vehicles (Mass. Gen. L. c. 235, § 34) -An automobile worth up to $700 and necessary for personal transportation or to maintain employment. | _____ |
| __12. | Trade Implements (Mass. Gen. L. c. 235, §34) _$500 in tools, implements, and fixtures, $500 in stock-in-trade, and $500 in fishing gear, when used in the debtor's business. | _____ |
| __13. | Wages | _____ |

                   (Mass. Gen. L. c. 246, § 28)
                   -$125 per week is exempt.

__14.   Workers' Compensation               ____
                   (Mass. Gen. L. c. 152, § 47)
                   -Exempt, except for certain
                   obligations to state agencies
                   and support obligations.

__15.   Unemployment Compensation           ____
                   (Mass. Gen. L. c. 151A, § 36)
                   -Exempt before and after receipt,
                   so long as not commingled.

__16.   Veterans' Benefits                     ____
                   (Mass. Gen. L. c. 115, § 5)
                   -Exempt.

__17.   Public Assistance                      ____
                   (Mass. Gen. L. c. 118, § 10;
                   Mass. Gen. L. c. 235, § 34)
                   -Any money received by or
                   owing him as public assistance.

__18.   Pensions and Retirement Benefits         ____
                   (Mass. Gen. L. c. 32, §§ 19 and
                   provisions cited in note thereafter
                   and 41;  Mass. Gen. L. c. 168, § 41
                   and provisions cited in note thereafter;
                   Mass. Gen. L. c. 246, § 28)
                   -Various public and private sector employee
                   pensions and related benefits; if pension,
                   not otherwise exempt as above, $100 per month.

__19.   Insurance                         ____
                   (Mass. Gen. L. c. 175, §§ 110A, 119A, 132C;
                   Mass. Gen. L. c. 175F, § 15)
                   -Up to $35 a week in disability
                   insurance benefits are exempt before and
                   after payment, annuity contracts and
                   life insurance policies, group annuity
                   benefits prior to and after payment,
                   health care provider self-insurance funds
                   (subject to exceptions).

__20.   Miscellaneous Benefits               ____
                   (Mass. Gen. L. c. 79, § 6A)

       -Moving expenses payments granted
       by eminent domain.

__21. Partnership Property            ____
     (Mass. Gen. L. c. 108A, § 25)
     -2A partner's interest in specific
     partnership property.

__22. Cemeteries and Burial Property       ____
     (Mass. Gen. L. c. 235, § 34)
     -Rights of burial and tombs.

__23. Fraternal Benefit Society Benefits      ____
     (Mass. Gen. L. c. 176, § 22)
     -Prior to and after payment.

   The statements made in this claim of entitlement to exemptions and the fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.

_____      _____
Date            Signature of defendant

            _____
            Defendant's printed or typed name